ISRAEL SCHINDEL, APPELLANT, v. PETER A. MUENCKS
ET AL., RESPONDENTS.

Submitted October 14, 1927—Decided March 19, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Weinberger & Weinberger.*

For the respondents, *Gustav A. Hunziker.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff, Schindel, brought this action to recover the sum of $1,600 due to him

for materials furnished by him to the U. S. Building Company and used by the latter in the erection of a building upon a lot owned by the defendant Muencks, in the city of Paterson. The building was erected pursuant to a written contract, by the terms of which Muencks was to pay the U. S. Building Company, the contractor, the sum of $37,000 for its construction, as follows: Eighty-five per cent. of the value of the work done and materials furnished semi-monthly during the continuance of the work until the sum of $23,000 should be paid, the remaining $14,000 to be paid upon the completion of the building by the execution and delivery of a bond and mortgage by the owner to the contractor for that sum. A payment of $375, with lawful interest, was to be made upon the bond and mortgage three months after the execution and delivery thereof, and a like sum, with lawful interest, quarterly thereafter until the sum of $4,125 was paid; the remaining $9,875 to be paid in three years from the date thereof. This contract was duly filed in the office of the clerk of Passaic county, and, under the provisions of the Mechanics' Lien law, was a bar to the filing of a lien upon the premises by the plaintiff as materialman. Being barred from filing a lien, he thereupon, in July, 1922, served upon Muencks, the owner of the premises, a stop-notice, pursuant to section 3 of the statute, informing him that the contractor was indebted to plaintiff in the sum of $2,366.25 for material and labor furnished and used in the building erected upon Muencks' lot; that he (plaintiff) had demanded payment from the contractor of said sum, and that payment had been refused, and requiring Muencks to retain, out of the moneys then due or thereafter to become due to the contractor upon the contract, the amount of the latter's indebtedness to plaintiff, and to pay it to the plaintiff upon being satisfied of the validity of his claim. The amount of money stated in the stop-notice to be owing was considerably in excess of the sum actually due to plaintiff from the contractor, and the notice was disregarded by Muencks, the owner. The mistake in the amount was inadvertently made, and subsequently, and in May, 1924, plaintiff served a new stop-notice upon the owner, in which the correct amount due him was stated. In the

meantime the building had been completed, and in the year 1922 the mortgage called for by the agreement was executed and delivered; and the owner refused to recognize the plaintiff's claim, as exhibited in the second stop-notice, upon the ground that prior to its service upon him the whole amount due to the contractor had been paid. The plaintiff thereupon brought the present suit, and the trial resulted in a finding by the court in favor of the defendants upon the ground that when the second stop-notice was served by the plaintiff (the first stop-notice having been conceded to be invalid) there were no moneys due or thereafter to become due to the contractor from the owner, the whole contract price having been previously paid by the delivery of the bond and mortgage; it not being disputed that all cash payments which became due to the contractor during the erection of the building had been made. The appeal is from the judgment entered in accordance with this finding.

It was admitted by the defendants at the trial that at least $4,000 still remains unpaid upon the bond and mortgage, and the principal ground upon which we are asked to reverse the judgment under review is that the court, under the facts above recited, and which were not in dispute, was in error in holding that there were no moneys due from the owner to the contractor under the contract. We concur in the view that this finding by the trial court was based upon a misconception of the real situation. By the terms of the contract between the builder and owner, as has already been pointed out, over $9,000 of the contract price was not to become due and payable until the expiration of three years after the erection of the building had been completed; that is, until some time in the year 1925. The second stop-notice having been served in May, 1924, and there still remaining in the hands of the owner $4,000, not yet paid on the contract price, the plaintiff was legally entitled to have the amount due him for materials furnished and work done by him retained by the owner out of these moneys and paid to him when the mortgage becomes due; and the owner, after making such payment, is entitled to be credited with the

amount thereof as a payment on the bond and mortgage. To hold otherwise is to declare that the owner and contractor can deprive the materialman of his rights under the third section of the Mechanics' Lien law by a mutual agreement that the payment of the moneys to become due to the contractor should be secured by a bond and mortgage given to him by the owner. Any such principle carried out to its logical conclusion would result in the practical annulment of this section, if the original parties to the contract—that is, the owner and the builder—should agree that, upon the execution of that instrument, a bond and mortgage should be given for the whole contract price, and should be payable in installments on dates fixed in the contract, and such security was actually given.

For the reasons indicated, we conclude that the judgment under review should be reversed.